**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

LINDSAY GARCIA, a qualified voter
and a candidate in the Democratic Party
for the 5th congressional district, and on
behalf of all others similarly situated; and
EUGENE COLLINS, a qualified voter

versus

JEFF LANDRY, in his official capacity as
Governor or the State of Louisiana;
ELIZABETH B. MURILL, in her official
capacity as Attorney General of the State
of Louisiana; and NANCY LANDRY, in her
official capacity as Secretary of State of the
State of Louisiana

CIVIL ACTION

26-471-SDD-RLB

**RULING**

Before the Court is the *Motion to Convene a Three-Judge District Court Pursuant to 28 U.S.C. § 2284*[1] filed by Plaintiffs Lindsay Garcia ("Garcia") and Eugene Collins ("Collins") (collectively "Plaintiffs"). Defendants Jeff Landry ("Governor Landry"), Elizabeth B. Murrill ("Murrill"), and Nancy Landry ("Secretary Landry") (collectively "Defendants") have filed an *Opposition*.[2] In response to this *Motion*, the Chief Judge of the United States Court of Appeals for the Fifth Circuit convened the undersigned panel (the "Court") to consider whether a three-judge district court is required to adjudicate the Plaintiffs' claims in the first instance—in other words to decide its own jurisdiction. The Court has considered the parties' submissions, arguments, and applicable law, and is prepared to rule. For the following reasons, the Plaintiffs' motion is DENIED.

---

[1] Rec. Doc. 1, p. 25.
[2] Rec. Doc. 24.

1

The requirements for a three-judge panel are set forth in 28 U.S.C. § 2284. The statute provides that "[a] district court of three judges shall be convened when otherwise required by Act of Congress, or when an action is filed challenging the constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body."[3] Because § 2284 empowers a three judge district court to hear only certain kinds of cases, it essentially operates as a conferral of subject matter jurisdiction, much in the same way Congress provides for federal courts to hear cases involving federal questions and diversity of citizenship under 28 U.S.C. §§ 1331 and 1332, respectively.[4] This Court's ability to adjudicate Plaintiffs' claims is therefore predicated on the subject-matter jurisdiction set out in § 2284, and the Court has an independent duty to examine whether it is implicated under the circumstances.[5]

Plaintiffs argue that because this action "is causally and substantively connected to the apportionment scheme invalidated by the Supreme Court in *Louisiana v. Callais* ... and the relief sought directly affects the conduct of federal elections under the existing congressional-district plan[,]" it "implicates the apportionment of Louisiana's congressional districts within the meaning of [§ 2284]."[6] But it is clear from the face of Plaintiffs' *Complaint*[7] that they do not challenge "the constitutionality or apportionment of [any] congressional districts," as is necessary to confer jurisdiction under § 2284. Instead, Plaintiffs challenge the constitutionality of Executive Order JML 26-038, which cancels

---

[3] 28 U.S.C. § 2284 (a).

[4] *See Kontrick v. Ryan*, 540 U.S. 443, 453 (2004) ("Only Congress may determine a lower federal court's subject-matter jurisdiction").

[5] *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1990) (internal citations omitted) (noting that "requirement[s] of subject matter jurisdiction … delimit[] federal-court power" and "must be policed by the courts on their own initiative").

[6] Rec. Doc. 1, p.5.

[7] Rec. Doc. 1.

the federal congressional primaries slated to proceed under the apportionment map the Supreme Court declared constitutionally defective in *Callais*.[8]  An action that challenges conduct "connected to" the apportionment of congressional districts does not confer jurisdiction under the express terms of § 2284.[9]  Where Congress, by way of an unambiguous statute, has spelled out the jurisdiction it is conferring with specificity, courts are not at liberty to exceed the express statutory parameters by judicial decree.[10]

Because Plaintiffs do not raise a direct challenge to the apportionment of any congressional districts, and do not provide any alternative grounds under § 2284, their *Motion to Convene a Three-Judge District Court* [11] is DENIED for want of jurisdiction.

IT IS SO ORDERED on this 8th day of May, 2026

_____
Stuart Kyle Duncan, Circuit Judge


_____
Greg Guidry, District Judge


_____
Shelly D. Dick, District Judge

---

[8] *Id.* at 3.
[9] *See Tyree v. Massachusetts*, 2008 WL 427293, at *4 (D. Mass. Feb. 17, 2008) (Denying motion for three judge panel where "[a]lthough the plaintiff's claims regarding the Fourteenth Amendment … may relate to apportionment, the gravamen of plaintiff's complaint is not a challenge to apportionment"); *Alabama v. U.S. Dep't of Commerce*, 493 F. Supp. 3d 1123, 1128 (N.D. Ala. 2020) (noting that "courts agree that the apportionment of congressional districts in § 2284(a) does not include practices or actions that may lead to or affect a future apportionment.") (internal quotation marks and citation omitted).
[10] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (The jurisdiction possessed by federal courts as authorized by Constitution and statute cannot "be expanded by judicial decree.").
[11] Rec. Doc. 1, p. 25.