# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### MONROE DIVISION

| | |
|---|---|
| LINDSAY GARCIA, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Civil No. 3:26-cv-01528 |
| v. | ) |
| | ) Judge David C. Joseph |
| JEFF LANDRY, in his official capacity | ) Magistrate Judge |
| as Governor of the State of Louisiana; | ) Kayla D. McClusky |
| ELIZABETH B. MURRILL, in her official | ) |
| capacity as Attorney General; and | ) |
| NANCY LANDRY, in her official capacity | ) |
| as Secretary of State, | ) |
| | ) |
| Defendants. | ) |

---

## DEFENDANTS' MOTION TO DISMISS

Pursuant to Federal Rule of Civil Procedure 12(b)(1), Defendants Jeff Landry and Elizabeth Murrill (the "State") move to dismiss this case as moot following the Louisiana Legislature's enactment of Acts 2 and 7. The Court should grant this motion for the reasons explained in the accompanying memorandum.

Dated: June 5, 2026

Respectfully submitted,

ELIZABETH B. MURRILL
Attorney General of Louisiana

*/s/ Carey Tom Jones*
CAREY TOM JONES (LA #07474)

Office of the Attorney General
Louisiana Department of Justice
1885 N. Third St.
Baton Rouge, LA 70804

1

2

(225) 326-6000 phone
(225) 326-6098 fax
jonescar@ag.louisiana.gov

*Counsel for the State of Louisiana*

2

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | | |
|---|---|---|
| LINDSAY GARCIA, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Civil No. 3:26-cv-01528 |
| v. | ) | |
| | ) | Judge David C. Joseph |
| JEFF LANDRY, in his official capacity | ) | Magistrate Judge |
| as Governor of the State of Louisiana; | ) | Kayla D. McClusky |
| ELIZABETH B. MURRILL, in her official | ) | |
| capacity as Attorney General; and | ) | |
| NANCY LANDRY, in her official capacity | ) | |
| as Secretary of State, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Plaintiff's Complaint seeks declaratory and injunctive relief that is now moot. Specifically, Plaintiffs seek a declaration that the Louisiana Secretary of State's certification of an election emergency and Louisiana Governor's Executive Order Number JML 26-038, titled "State of Emergency—Suspension of Closed Party Primary Elections for the Offices of Representative in the United States Congress" violates the First, Fourteenth, and Fifteenth Amendments, the Elections Clause, § 2 of the Voting Rights Act, the Uniformed and Overseas Citizens Absentee Voting Act, and the Louisiana Constitution. Compl. at 21, ECF 1. They also seek a temporary restraining order and preliminary and permanent injunctions preventing the Executive Order from taking effect. *Id*. at 20–21.

Since then, the Legislature passed (and the Governor signed into law) Acts 2 and 7. Act 7 replaces the closed congressional primary scheduled for May with an

1

open congressional primary scheduled for November. And Act 2 redraws the congressional district map. So declaring the Executive Order unlawful and enjoining it would have zero legal effect. It certainly would not reinstitute the May closed congressional primary. This case is thus moot, and the Court should dismiss it.

## BACKGROUND

On April 29, 2026, the Supreme Court affirmed this Court's holding in the *Callais* case that Louisiana's existing congressional map is an unconstitutional racial gerrymander and "remanded for further proceedings consistent with [its] opinion." *Louisiana v. Callais*, 146 S. Ct. 1131, 1163, *judgment entered,* 146 S. Ct. 1111 (2026). On remand, the next day, this Court renewed its injunction prohibiting the State from using that map for any election ever again. Order, *Callais v. Landry*, No. 3:24-cv-00122 (W.D. La. Apr. 30, 2026), ECF 261.

At the time, Louisiana's closed-primary congressional elections were just days away. So within hours of the Court's injunction, the Secretary of State declared an elections emergency. Ex. A (Secretary's emergency declaration). And the Governor immediately issued Executive Order No. JML 26-038 suspending the congressional primaries to give the Louisiana Legislature time to adopt a new, constitutionally compliant congressional map. Ex. B (Exec. Order No. JML 26-038). The Executive Order declared that the suspension "shall remain in effect . . . unless . . . terminated by operation of law." *Id.* Plaintiffs filed their Compliant a few days later. ECF 1.

The Legislature likewise sprang into action. In mid-May, it passed, and the Governor signed into law, House Bill 842 (now Act 7), which canceled the State's May 16, 2026 closed-primary congressional election (and the related June 27, 2026

2

runoffs). Ex. C (Act 7). Act 7 replaces the suspended closed primary with an open primary to be held November 3, 2026, followed by an open general election to be held December 12, 2026. *Id.* at § 7(B). Two weeks later, the Louisiana Legislature passed, and the Governor signed into law, Senate Bill 121 (now Act 2), which enacts a new congressional district map. Ex. D (Act 2).

## ARGUMENT

If a controversy "becomes moot at any time," the Court "must dismiss the suit for want of jurisdiction." *Carr v. Saucier*, 582 F.2d 14, 15 (5th Cir. 1978) (per curiam*); accord* Fed. R. Civ. P. 12(h)(3). The party asserting jurisdiction bears the burden of proving its existence. *Settlement Funding, LLC v. Rapid Settlements, Ltd.*, 851 F.3d 530, 534 (5th Cir. 2017).

A case becomes moot "when the issues presented are no longer 'live'." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (per curiam)). "Generally, any set of circumstances that eliminates actual controversy after the commencement of a lawsuit renders that action moot." *Ctr. for Individual Freedom v. Carmouche*, 449 F.3d 655, 661 (5th Cir. 2006). Moot questions "require no answer." *North Carolina v. Rice*, 404 U.S. 244, 246 (1971) (quoting *Mo., Kan. & Tex. R. Co. v. Ferris*, 179 U.S. 602, 606 (1900)). "The question when assessing whether a case is moot is whether any effective relief can be granted." *Ctr. for Biological Diversity, Inc. v. BP Am. Prod. Co.*, 704 F.3d 413, 431 (5th Cir. 2013) (emphasis omitted) (citation omitted).

No effective relief can be granted here. In light of Acts 2 and 7, declaring the Executive Order unlawful and enjoining it as such would change nothing. Such relief

certainly would not reinstitute the May closed congressional primary. This case is thus moot, and the Court should dismiss it.

No exception to mootness applies. Plaintiffs' claims are not "capable of repetition yet evading review" because there is no "reasonable expectation that [they] would be subject to the same [Executive Order] again." *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975); *accord Lopez v. City of Houston*, 617 F.3d 336, 340 (5th Cir. 2010). Any future suspension necessarily would be based on some hypothetical future emergency relating to the newly enacted map (or more speculative yet a future hypothetical map). *See Alaska v. USDA*, 17 F.4th 1224, 1229 (D.C. Cir. 2021) (possibility of future reimposition of executive rule requires court "to speculate about future actions by policymakers" that are "unknowable" and cannot save claims from mootness).

Likewise, there has been no voluntary cessation of the suspended May congressional primary.[1] The Secretary's emergency certification and the Governor's Executive Order were superseded by action of an independent branch of government (the Legislature), not a "voluntary" act by either the Secretary or the Governor. In short, the challenged actions here—the Secretary's emergency certification and Governor's Executive Order—will *never return*. And that dictates dismissal.

---

[1] The D.C. Circuit has expressed "serious doubts" as to whether the "voluntary cessation" doctrine even applies to government defendants (as opposed to private ones) because it "would seem inappropriate for the courts either to impute such manipulative conduct to a coordinate branch of government, or to apply against that branch a doctrine that appears to rest on the likelihood of a manipulative purpose." *Nat'l Black Police Ass'n v. Dist. of Columbia*, 108 F.3d 346, 352 (D.C. Cir. 1997) (citation omitted); *accord Alaska v. USDA*, 17 F.4th 1224, 1227 (D.C. Cir. 2021). The State shares the D.C. Circuit's doubts that the voluntary cessation doctrine should apply to government defendants, particularly when the alleged voluntary cessation is predicated on legislative enactment of a statute that supersedes the challenged executive action.

4

## CONCLUSION

For these reasons, the Court should grant this motion and dismiss Plaintiffs'

Complaint for lack of subject matter jurisdiction.

Dated: June 5, 2026

Respectfully submitted,

ELIZABETH B. MURRILL
Attorney General of Louisiana

*/s/ Carey Tom Jones*
CAREY TOM JONES (LA #07474)

Office of the Attorney General
Louisiana Department of Justice
1885 N. Third St.
Baton Rouge, LA 70804
(225) 326-6000 phone
(225) 326-6098 fax
jonescar@ag.louisiana.gov

*Counsel for the State of Louisiana*

5

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | | |
|---|---|---|
| LINDSAY GARCIA, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Civil No. 3:26-cv-01528 |
| v. | ) | |
| | ) | Judge David C. Joseph |
| JEFF LANDRY, in his official capacity | ) | Magistrate Judge |
| as Governor of the State of Louisiana; | ) | Kayla D. McClusky |
| ELIZABETH B. MURRILL, in her official | ) | |
| capacity as Attorney General; and | ) | |
| NANCY LANDRY, in her official capacity | ) | |
| as Secretary of State, | ) | |
| | ) | |
| Defendants. | ) | |

## [PROPOSED] ORDER

This matter comes before the Court on Defendants' Motion to Dismiss Plaintiffs' Complaint as Moot. Plaintiffs challenge Executive Order JML 26-038, which was effectively superseded by the Louisiana Legislature's subsequent enactment of Acts 2 and 7. Plaintiffs' claims are therefore moot, and this Court lacks subject matter jurisdiction. Accordingly, Defendants' Motion is **GRANTED**, and Plaintiffs' Complaint is **DISMISSED** for lack of subject matter jurisdiction.

**SO ORDERED** this _____ day of June, 2026.

_____
David C. Joseph
U.S. District Judge

1