**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| LINDSAY GARCIA, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Civil No. 3:26-cv-01528 |
| v. ) | |
| ) | Judge David C. Joseph |
| JEFF LANDRY, in his official capacity ) | Magistrate Judge |
| as Governor of the State of Louisiana; ) | Kayla D. McClusky |
| ELIZABETH B. MURRILL, in her official ) | |
| capacity as Attorney General; and ) | |
| NANCY LANDRY, in her official capacity ) | |
| as Secretary of State, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' OPPOSITION TO MOTION FOR**
**CONSOLIDATION WITH _CALLAIS v. LANDRY_**

Plaintiffs seek (ECF 38) to consolidate this case with _Callais v. Landry_, No. 3:24-cv-00122 (W.D. La). Defendants Jeff Landry and Elizabeth B. Murrill (the "State") agreed that Plaintiffs' requested relief here conflicts with the renewed injunction this Court issued in _Callais_. That is why the State sought (and was granted) transfer of this case from the Middle District to this Court. But things have materially changed since then. This case is no longer a three-judge case (_see_ ECF 25), and the Legislature has enacted a new congressional election schedule (Act 7) and a new map (Act 2). That new map moots this case and is grounds for dismissal as the State explains in its concurrently filed motion to dismiss. The Court should grant the State's motion to dismiss and deny Plaintiffs' consolidation motion as moot.

1

Even if the Court were to entertain their consolidation motion, however, the fact that (a) this case cannot be heard by a three-judge court and (c) state law has now changed present tremendous jurisdictional, procedural, and practical roadblocks to consolidation. Specifically, (I) the *Callais* three-judge Court lacks statutory jurisdiction over Plaintiffs' claims, and (II) the State's position has always been that this case should be transferred to this District and adjudicated by a single judge, not the *Callais* three-judge Court. Continuing to maintain those positions is neither inconsistent nor unfair. The Court should deny consolidation.

## ARGUMENT

### I. THE THREE-JUDGE COURT IN *CALLAIS* LACKS STATUTORY JURISDICTION OVER PLAINTIFFS' CLAIMS.

This case is not a three-judge case. The Middle District already correctly determined that. *See* ECF 25. Plaintiffs did not seek reconsideration of or appeal that ruling. The *Callais* three-judge Court thus lacks statutory jurisdiction over this case under 28 U.S.C. § 2284(a). So even if the two cases "involve a common question of law or fact" under Federal Rule of Civil Procedure 42(a), § 2284(a) jurisdiction is still lacking.

To be sure, the Presiding Judge here is also a member of the three-judge *Callais* Court. But because of the § 2284(a) jurisdictional defect, even if these cases were consolidated, he would still be the only judge over this case, and the three-judge *Callais* Court would still be over that case. That situation essentially is the same as the cases are now except that it would risk injecting considerable confusion over which judges are deciding which issues (especially if the issues overlap) and which

2

appellate court can hear which issues. Indeed, that very appellate confusion has played out once already in *Callais*. *See Callais v. Landry*, No. 24-30177, 2025 WL 928839 (5th Cir. Mar. 27, 2025). The more prudent (and jurisdictionally proper) course is to leave the cases as they are now.

II.    **THAT HAS BEEN THE STATE'S POSITION ALL ALONG, AND IT IS CONSISTENT WITH OPPOSING CONSOLIDATION.**

From the beginning, the State has maintained that this case should be heard in the Western District by a single judge, not a three-judge district court. *See* ECF 6 (arguing for transfer); ECF 24 (arguing against § 2284(a) jurisdiction). Yet Plaintiffs devote many pages to urging the Court to estop the State from opposing consolidation of this case with *Callais* just because the State earlier sought to transfer it from the Middle District to this Court. That argument fails because the State's pro-transfer and anti-consolidation positions are not inconsistent, especially since things are now much different than they were when the State sought transfer. Again, the Middle District (concurrently with its transfer ruling) found § 2284(a) jurisdiction lacking, and after that, Acts 2 and 7 became the law. Nor does the State derive any "unfair advantage" from opposing consolidation. ECF 38.

Contrary to Plaintiffs' position, it is not "clearly inconsistent" for the State to argue for transferring this case to this Court and against consolidating it with *Callais*. While both doctrines can involve some assessment of judicial efficiency, they are distinct doctrines that serve different purposes and create different consequences.

Transfer under Section 1404(a) moves a case from one district to another in the interests of convenience and justice, provided that the transferee forum is one

where the action "might have been brought" in terms of jurisdiction and venue. *Van Dusen v. Barrack*, 376 U.S. 612, 620 (1953). A successful transfer does not assign the case to any particular judge on the transferee court, much less entitle it to a three-judge court.

To contrast, consolidation under Rule 42(a) is a case management tool that promotes efficiency and conserves judicial resources whenever cases share "a common question of law or fact." Fed. R. Civ. P. 42(a). Unlike transfer, consolidation *does* assign a case to a particular judge because the "which court?" question (that is at issue in transfers) has already been decided. Consolidation thus is permitted only for actions already properly pending "before the court." *Id.*

Given these differences, it is perfectly consistent for the State to have argued to the Middle District that this case should be transferred to this Court for purposes of efficiency and convenience and to now argue to this Court that the case should be adjudicated by a single judge, not the *Callais* three-judge Court. Those are, in fact, the very same positions that the State took in the Middle District. *See* ECF 6 (arguing for transfer); ECF 24 (arguing against § 2284(a) jurisdiction). Of course, there can be no "unfair advantage" in the State's maintaining those same positions.

## CONCLUSION

For these reasons, the Court should decline to consolidate this case with *Callais*. This case is moot in light of Acts 2 and 7, and the Court should grant the State's concurrently filed motion to dismiss and deny Plaintiffs' consolidation motion as moot. Alternatively, the Court should deny consolidation because this case lacks

4

§ 2284(a) jurisdiction, which renders consolidation of this single-judge case with the three-judge *Callais* case inappropriate.

Dated: June 5, 2026

Respectfully submitted,

ELIZABETH B. MURRILL
Attorney General of Louisiana

*/s/ Carey Tom Jones*
CAREY TOM JONES (LA #07474)

Office of the Attorney General
Louisiana Department of Justice
1885 N. Third St.
Baton Rouge, LA 70804
(225) 326-6000 phone
(225) 326-6098 fax
jonescar@ag.louisiana.gov

*Counsel for State of Louisiana*